No. __18A72556__

**Date Summons Issued and E-Filed**

12/28/2018

_____

Phyleta Knighton
_____
Deputy Clerk

Deposit Paid $ _____

# STATE COURT OF DEKALB COUNTY
### GEORGIA, DEKALB COUNTY

## SUMMONS

Gayoung Gu
_____

3575 Koger Blvd., Ste. 125, Duluth, GA 30096
_____
Plaintiff's name and address

**vs.**

Prime Holdings Insurance Services, Inc.
_____

c/o Rick J. Lindsey, 303 W. Madison St., Ste. 2075, Chicago, Illinois 60606
_____
Defendant's name and address

☑ **JURY**

**TO THE ABOVE-NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:

Joseph A. Zdrilich, Esq.
_____
Name
3575 Koger Blvd., Ste. 125, Duluth, GA 30096
_____
Address

770-931-9604                                                    569248
_____
Phone Number                                    Georgia Bar No.

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. The answer or other responsive pleading can be filed via electronic filing through eFileGA via www.eFileGA.com or, if desired, at the e-filing public access terminal in the Clerk's Office at 556 N. McDonough Street, Decatur, Georgia 30030

Defendant's Attorney _____     Third Party Attorney _____

Address _____     Address _____

Phone No. _____ Georgia Bar No. _____     Phone No. _____ Georgia Bar No. _____

### TYPE OF SUIT

☐ Personal Injury ☐ Products Liability
☐ Contract ☐ Medical Malpractice
☐ Legal Malpractice ☐ Product Liability
☐ Other

Principal $ _____

Interest $ _____

Atty Fees $ _____

**Access to the e-filing site and the rules is available at www.dekalbstatecourt.net**
**To indicate consent to e-service check the box below.**
☐**(Plaintiff consents to e-service pursuant to OCGA 9-11-5 (f). The email address for service appears in the complaint.**

E-file summons1-2016

18A72556

No. _____

**Date Summons Issued and E-Filed**

12/28/2018

_____

Phyleta Knighton

Deputy Clerk

Deposit Paid $ _____

**STATE COURT OF DEKALB COUNTY**
**GEORGIA, DEKALB COUNTY**

**SUMMONS**

Gayoung Gu
_____
3575 Koger Blvd., Ste. 125, Duluth, GA 30096
**Plaintiff's name and address**

**vs.**

Schenk & Sons, Inc.
_____
c/o Chrystie Schenk, 75 Essiex Road, Grenada, MS 38901
**Defendant's name and address**

☑ JURY

**TO THE ABOVE-NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:

Joseph A. Zdrilich, Esq.
**Name**
3575 Koger Blvd., Ste. 125, Duluth, GA 30096
**Address**
770-931-9604                                    569248
**Phone Number**                    **Georgia Bar No.**

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. The answer or other responsive pleading can be filed via electronic filing through eFileGA via www.eFileGA.com or, if desired, at the e-filing public access terminal in the Clerk's Office at 556 N. McDonough Street, Decatur, Georgia 30030

_____                _____
**Defendant's Attorney**                        **Third Party Attorney**

_____                _____
**Address**                                     **Address**

_____                _____
**Phone No.**          **Georgia Bar No.**      **Phone No.**      **Georgia Bar No.**

**TYPE OF SUIT**

☐ Personal Injury ☐ Products Liability          Principal $ _____
☐ Contract ☐ Medical Malpractice
☐ Legal Malpractice ☐ Product Liability         Interest $ _____
☐ Other

Atty Fees $ _____

**Access to the e-filing site and the rules is available at www.dekalbstatecourt.net**
**To indicate consent to e-service check the box below.**
☐(Plaintiff consents to e-service pursuant to OCGA 9-11-5 (f). The email address for service appears in the complaint.

E-file summons1-2016

STATE COURT OF
DEKALB COUNTY, GA.
12/28/2018 9:46 AM
E-FILED
BY: Phyleta Knighton

No. **18A72556**

**STATE COURT OF DEKALB COUNTY**
**GEORGIA, DEKALB COUNTY**

**Date Summons Issued and E-Filed**

12/28/2018

**SUMMONS**

Phyleta Knighton

Deputy Clerk

Deposit Paid $ _____

Gayoung Gu

3575 Koger Blvd., Ste. 125, Duluth, GA 30096
Plaintiff's name and address

**vs.**

Michael Shane Holcomb

7900 Pope Crowder Rd., Pope, MS 38658
Defendant's name and address

☑ **JURY**

**TO THE ABOVE-NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:

Joseph A. Zdrilich, Esq.
Name
3575 Koger Blvd., Ste. 125, Duluth, GA 30096
Address
770-931-9604                                            569248
Phone Number                                  Georgia Bar No.

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. The answer or other responsive pleading can be filed via electronic filing through eFileGA via www.eFileGA.com or, if desired, at the e-filing public access terminal in the Clerk's Office at 556 N. McDonough Street, Decatur, Georgia 30030

Defendant's Attorney                                 Third Party Attorney

Address                                                      Address

Phone No.                 Georgia Bar No.       Phone No.                Georgia Bar No.

**TYPE OF SUIT**

☐ Personal Injury ☐ Products Liability
☐ Contract ☐ Medical Malpractice
☐ Legal Malpractice ☐ Product Liability
☐ Other

Principal $ _____

Interest $ _____

Atty Fees $ _____

**Access to the e-filing site and the rules is available at www.dekalbstatecourt.net**
**To indicate consent to e-service check the box below.**
☐**(Plaintiff consents to e-service pursuant to OCGA 9-11-5 (f). The email address for service appears in the complaint.**

E-file summons1-2016

## IN THE STATE COURT OF DEKALB COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| GAYOUNG GU, | § | |
| | § | |
| **Plaintiff,** | § | **CIVIL ACTION FILE NO.:** |
| | § | |
| **v.** | § | 18A72556 |
| | § | |
| SCHENK & SONS, INC., | § | |
| PRIME HOLDINGS INSURANCE | § | |
| SERVICES, INC., and | § | |
| MICHAEL SHANE HOLCOMB, | § | |
| | § | |
| **Defendants.** | § | |

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, GAYOUNG GU ("Plaintiff"), files this *Complaint for Damages and Demand for Jury Trial* in the above-styled action against Defendants, SCHENK & SONS, INC., PRIME HOLDINGS INSURANCE SERVICES, INC., and MICHAEL SHANE HOLCOMB, and shows the Court as follows:

## PARTIES, JURISDICTION AND VENUE

### 1.

Plaintiff Gayoung Gu (hereinafter, "Plaintiff") is currently a resident of the State of Georgia, residing at 3061 Oakcliff Road, Atlanta, DeKalb County, Georgia 30340. By bringing this action, Plaintiff subjects herself to the jurisdiction and venue of this Court.

### 2.

Defendant Schenk & Sons, Inc. (hereinafter, "Defendant Schenk & Sons"), is a Mississippi corporation and may be served through its registered agent, Chrystie Schenk, at their principal office address of 75 Esaias Road, Grenada, Grenada County, Mississippi 38901, and, pursuant to Georgia's

Nonresident Motorist Act, is subject to the jurisdiction of this court. Defendant Schenk & Sons may be served with both a *Summons* and *Complaint* at that address.

3.

Defendant Prime Holdings Insurance Services, Inc. ("Defendant Prime") is an Illinois corporation and may be served through its registered agent, Rick J. Lindsey, 303 W. Madison St., Suite 2075, Chicago, Cook County, Illinois 60606, and, pursuant to O.C.G.A. § 40-2-140(d)(4) and/or O.C.G.A. §40-1-112(c), is subject to the jurisdiction of this court. Defendant Prime may be served with both a *Summons* and *Complaint* at that address.

4.

Defendant Michael Shane Holcomb (hereinafter, "Defendant Holcomb") is a resident of the State of Mississippi, last known to reside at 7900 Pope Crowder Road, Panola County, Pope, Mississippi 38658. Pursuant to Georgia's Nonresident Motorist Act, Defendant Holcomb is subject to the jurisdiction of this court and may be served with both a *Summons* and *Complaint* at that address.

5.

Pursuant to O.C.G.A. § 40-12-3, "all actions brought under this chapter relating to the use of the highway of this state by nonresident motorists shall be brought in the county in which the accident or injury occurred or the cause of action originated, or in the county of the residence of the plaintiff, as the plaintiff in such action may elect, if the plaintiff in such action is a resident of the State of Georgia."

6.

Plaintiff elects to bring this action in her county of residence, DeKalb County, Georgia, pursuant to the Nonresident Motorist Act, and shows that venue in the above-styled civil action is proper in this County and Court.

FACTS

7.

Plaintiff re-alleges and incorporates the allegations set forth in all preceding paragraphs, as if repeated verbatim herein.

8.

On December 19, 2018 at approximately 3:08 p.m., Plaintiff was driving a 2013 Kia Soul southbound in the left-hand non-high occupancy vehicle (non-H.O.V.) lane on Interstate 85 near its intersection with Interstate 75 Northbound in Atlanta, Fulton County, Georgia.

9.

At the same time, Defendant Holcomb was driving immediately behind Plaintiff in the left-hand non-high occupancy vehicle (non-H.O.V.) lane on Interstate 85 in Atlanta Fulton County, Georgia. Defendant Holcomb was operating a 2013 Kenworth truck, owned by Defendant Schenk & Sons, and changed lanes from the lane right of Plaintiff into Plaintiff's lane at approximately 3:08 p.m.

10.

At approximately 3:09 p.m., after travelling behind Plaintiff for nearly one minute, Defendant Holcomb struck the rear bumper of Plaintiff's vehicle.

11.

Plaintiff's vehicle sustained substantial rear-end damage.

12.

Defendant Holcomb spoke to Officer T. Martin that Plaintiff "changed lanes in front of him causing him to make contact with its rear."

13.

Plaintiff was transported to Grady Hospital, a level one trauma center, complaining of neck, head, shoulder and back pain. At Grady Hospital, Plaintiff spoke with Officer T. Martin and shared

dash-cam video of both the wreck and a period of one-to-two minutes preceding the wreck, showing that Defendant Holcomb had, contrary to his previous statement to a law enforcement officer, changed lanes into her lane and she was inside the lane well before contact was made between Defendant Holcomb's truck and Plaintiff's vehicle.

14.

Plaintiff suffered bodily injuries as a result of the impact with Defendant Holcomb's vehicle, including but not limited to striking her head, sustaining neck, back, and hip injuries, a wrist fracture, and a rotator cuff injury.

15.

As a result of the subject incident, which was the proximate result of the negligence of the Defendants, Plaintiff continues to suffer, significant physical, mental, and emotional injuries, all for which she is entitled to recover under the law.  Defendants are liable to Plaintiff for these injuries.

<u>COUNT ONE</u>
<u>NEGLIGENCE</u>

16.

Plaintiff re-alleges and incorporates the allegations set forth in all preceding paragraphs, as if repeated verbatim herein.

17.

As a direct and proximate result of Defendant's carelessness and recklessness, Defendant Holcomb's vehicle struck Plaintiff's vehicle causing injuries to Plaintiff.

18.

Plaintiff suffered significant physical, mental, and emotional pain as a result of the collision.

19.

Plaintiff was injured in this collision as a direct and proximate result of the negligent actions and omissions of Defendant Holcomb.

4

20.

At all relevant times, Defendant Holcomb owed certain civil duties to Plaintiff, which he violated.

21.

Defendant Holcomb failed to exercise ordinary diligence and was therefore negligent when he failed to exercise that degree of care which is exercised by ordinarily prudent persons under the same or similar circumstances, which is a violation of O.C.G.A. § 51-1-2.

22.

Defendant Holcomb violated his duties owed to Plaintiff by following too closely, pursuant to O.C.G.A. § 40-6-49.

23.

Defendant Holcomb violated his duties in giving a false statement to a law enforcement officer, pursuant to O.C.G.A. § 16-10-20.

24.

Defendant Holcomb violated his duties owed to Plaintiff in failing to maintain a proper lookout.

25.

Defendant Holcomb violated his duties owed to Plaintiff in driving his vehicle without due caution and in a manner so as to endanger others, including Plaintiff, in the vicinity in violation of O.C.G.A. § 40-6-241.

26.

Defendant Holcomb violated his duties owed to Plaintiff in committing other negligent and reckless acts and omissions as may be shown by the evidence and proven at trial.

27.

Defendant Holcomb is liable for the injuries and damages Plaintiff suffered as a result of Defendant Holcomb's negligence, which damages will be determined by the enlightened conscience of an impartial jury based upon the evidence at trial.

## COUNT TWO
## IMPUTED LIABILITY

28.

Plaintiff realleges and incorporates herein the allegations set forth in all preceding paragraphs as if fully restated.

29.

At the time of the subject collision, Defendant Holcomb was under dispatch for Defendant Schenk & Sons.

30.

At the time of the subject collision, Defendant Holcomb was operating his vehicle on behalf of Defendant Schenk & Sons.

31.

Defendant Schenk & Sons is an interstate motor carrier, and pursuant to federal and state laws, is responsible for the actions of Defendant Holcomb with regard to the collision described in this complaint under the doctrine of lease liability, agency, or apparent agency.

## COUNT THREE
## NEGLIGENT HIRING, TRAINING & SUPERVISION

32.

Plaintiff realleges and incorporates herein the allegations set forth in all preceding paragraphs as if fully restated.

6

33.

Defendant Schenk & Sons was negligent in hiring Defendant Holcomb and entrusting him to drive a 18-wheeler freight truck.

34.

Defendant Schenk & Sons was negligent in failing to properly train Defendant Holcomb.

35.

Defendant Schenk & Sons was negligent in failing to properly supervise Defendant Holcomb.

36.

Defendant Schenk & Sons' negligence in hiring Defendant Holcomb, entrusting him with driving a commercial vehicle and failing to train and supervise him properly was the direct and proximate cause of the collision, and Plaintiff's resulting injuries.

## COUNT IV – DIRECT ACTION

37.

Plaintiff realleges and incorporates herein the allegations set forth in all preceding paragraphs as if fully restated.

38.

Defendant Prime is subject to a direct action as the insurer for Defendant Schenk & Sons pursuant to O.C.G.A. § 40-2-140(d)(4) and/or O.C.G.A. §40-1-112(c).

39.

Defendant Prime was the insurer of Defendant Schenk & Sons at the time of the subject incident and issued a liability policy to comply with the filing requirements under Georgia law for intrastate transportation.

7

40.

Defendants Prime and Schenk & Sons are subject to the filing requirements outlined in O.C.G.A. § 40-2-140.

41.

Defendant Prime is responsible for any judgment rendered against Defendant Schenk & Sons.

## COMPENSATORY DAMAGES

42.

Plaintiff re-alleges and incorporates the allegations set forth in all preceding paragraphs, as if repeated verbatim herein.

43.

As a direct and sole proximate result of the breaches of duty and negligence by Defendants, Plaintiff suffered injuries and damages, including medical expenses and other necessary expenses, loss of enjoyment of life, mental and physical pain and suffering, and emotional distress, including pre-impact fright, and future expenses.

44.

Plaintiff has incurred reasonable and necessary medical expenses to date due to injuries received in this Motor Vehicle Collision, in an exact amount to be proven at trial.

45.

Said medical expenses continue to accrue for Plaintiff's care, in an exact amount to be proven at trial.

46.

Defendants have acted in bad faith and has caused Plaintiff unnecessary trouble and expense. As a result of Defendant's actions and/or inactions, Plaintiff is entitled to receive expenses of

8

litigation, including costs and reasonable attorney's fees, pursuant to O.C.G.A. § 13-6-11, and otherwise.

47.

Plaintiff avers that as a direct and proximate result of the aforementioned acts of negligence on the part of the defendant, through their agents, servants, or employees, the Plaintiff was caused to suffer and incur the following injuries and damages:

(1) Severe and permanent injuries caused by the Defendant's negligence,

(2) Pain, mental anguish and suffering, both past and future;

(3) Medical expenses, past and future in an amount to be proven at trial;

(4) Permanent medical impairment;

(5) Loss of enjoyment of life.

WHEREFORE, Plaintiff prays this Court will issue an Order as follows:

(a) that process issue and that Defendants be served with process as provided by law;

(b) that Plaintiff have a TRIAL BY JURY on all matters pleaded herein;

(c) that Plaintiff recover against Defendants compensatory damages in an amount to be proven at trial;

(d) that Plaintiff recover against Defendants reasonable attorney's fees and costs of litigation and any statutory penalties allowed by law; and

(e) that Plaintiff have any other further relief as this Court deems just and proper.

Respectfully submitted this _28th_ day of December, 2018.

JOSEPH A. ZDRILICH
Attorney for Plaintiff
State Bar of Georgia No.: 569248

STATE COURT OF
DEKALB COUNTY, GA.
12/28/2018 9:46 AM
E-FILED
BY: Phyleta Knighton

9

THE ZDRILICH LAW GROUP, LLC
3575 Koger Boulevard, Suite 125
Duluth, Georgia 30096
Phone: 770-931-9604
Facsimile: 770-931-9610
E-mail: joseph@tzlawgroup.com

IN THE STATE COURT OF DEKALB COUNTY

STATE OF GEORGIA

| | | |
|---|---|---|
| GAYOUNG GU, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION FILE NO.: |
| | § | |
| v. | § | |
| | § | 18A72556 |
| SCHENK & SONS, INC., | § | |
| PRIME HOLDINGS INSURANCE | § | |
| SERVICES, INC., and | § | |
| MICHAEL SHANE HOLCOMB, | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO ALL DEFENDANTS

**TO:**   All Named Defendants and/or their Attorney(s) of Record

COMES NOW PLAINTIFF in the above-captioned case, and by and through counsel requires the Defendants, pursuant to O.C.G.A. § 9-11-33 and 9-11-34, to respond within forty-five (45) days after service hereof, in the form provided by law, the following request for production of documents.

The within requests for production of documents are continuing and require supplemental response upon the discovery of other or further information or documents pertinent thereto. In answering the following requests for production of documents, Defendant is required to give full and complete information based upon the knowledge, information and belief of all agents, employees, investigators, adjusters, attorneys and insurers of said Defendant.

## INTERROGATORIES AND REQUESTS TO PRODUCE

### INTERROGATORIES

1.

State the name and address of any individual or entity with any ownership or lease interest in the tractor or trailer (including any container or chassis if applicable) driven by Defendant Holcomb on the date of the incident referred to in the Complaint and describe the nature of the interest.

2.

Identify all vehicle leases, subleases, trip leases, or other leasing or sharing arrangements involving the tractor or trailer (including any container or chassis, if applicable) by Defendant Holcomb from thirty days prior to the subject collision to thirty days subsequent to the collision.

3.

State the point of origin, destination and reason for the trip being made by Defendant Holcomb at the time of the incident referred to in the Complaint.

4.

With regard to the load being transported at the time of the collision by Defendant Holcomb, please identify:

a) Where the loan originated;

b) The contents thereof;

c) The weight of said load;

d) The final destination of the load; and

e) Any contracts, bills of lading, shipping documents, consignment forms, fax correspondence, or other writings pertaining to the transportation of said load.

5.

Was the Defendant's vehicle covered by liability insurance? If so, state the names of all insurers providing liability insurance on said vehicle and give the limits of coverage of each such policy.

6.

Has any insurer referred to above denied coverage or reserved its right to later deny coverage under any such policy of liability insurance? If so, please explain.

7.

Do you contend that Plaintiff caused or contributed to collision in question? If so, state with particularity each and every contention made in this regard.

8.

Did you conduct a post-accident alcohol and controlled substance test on Defendant Holcomb? If so, please state:

a) The date of testing;

b) Who administered the test;

c) Who performed the test; and

d) The results of the test.

9.

If post-accident testing was not performed on Defendant Holcomb, please state the reasons such testing did not occur.

10.

Was a post-accident report completed and forwarded to the Federal Highway Administration? If no, please state the reasons that a post-accident report was not completed.

11.

State in detail the factual basis for each defense you have raised in your answer to the complaint.

12.

State the name, address, and telephone number for the President, Safety Director, Federal Safety Regulation Compliance Officer, the Dispatcher for the trip which ultimately resulted in the collision, and all persons who interviewed and were involved with the hiring or associating of Defendant Holcomb.

13.

State whether the tractor involved in the collision contained or utilized an on-board recording device, tachograph, trip monitor, trip recorder, trip master, Qualcomm, Vorad, ECM or device known by any other name which records information concerning the operation of the tractor.

14.

Describe the tractor operated by Defendant Holcomb at the time of the collision, including but not limited to the year, make, and model, mileage, maintenance history, all-features, specifications, special equipment, governors, on-board recording devices, radar detector, CB radios, or other descriptive information regarding the tractor and trailer unit.

15.

Has Defendant ever been cited by the Department of Transportation, Public Service Commission, or Federal Highway Administration for violation of the Federal Motor Carrier Safety Regulation? If so, please state for each instance:

a) The date of the violation;

b) A description of the violation;

c) The location where the violation occurred;

d) The agency issuing the citation; and

e) The ultimate disposition of the charges.

16.

Has Defendant ever been disqualified or placed out-of-service? If so, please stated for each instance.

a) The dates of disqualification; and

b) The reason for the disqualification

17.

Identify the name and address of any repair facility which performed repairs or maintenance on the tractor and trailer (including any container or chassis, if applicable) driven by Defendant Holcomb on the date of the incident referred to in the complaint for the one-year period preceding the incident and six-month period after the incident.

18.

Please explain the nature of the employment relationship between Defendant Schenk & Sons and Defendant Holcomb (i.e., lease operator, company driver, temporary driver, etc.), including, but not limited to: the date the employment relationship began, if the employment relationship has been terminated, the date of such termination, and the identity of the person who terminated such diver.

19.

With respect to Defendant Holcomb, please state the driver's mode of compensation.

20.

Does this Defendant, on its own or through its insurer, or through any other person or business entity, obtain information from any private source or governmental agency concerning the driving history, driving infractions, and motor vehicle records of drivers it employs? If so, please state the name and business of each entity through which such information was requested or obtained concerning the

driver involved in the subject collision, and the dates upon which such information was obtained concerning the driver involved in the subject collision, and the dates upon which such information was obtained concerning the driver operating the commercial truck involved in the subject collision.

21.

Please identify all automobile accidents and moving violations for Defendant Holcomb prior to and subsequent to the incident referred to in the complaint, including the date of the event, the location, the jurisdiction and a description of the event.

22.

Please state Defendant Holcomb's date of birth, social security number and driver's license number.

23.

Please identify the cellphone number and service provider for all cellphones owned, used or operated by Defendant Holcomb on the date of the incident.

24.

State the name and address of any person, including any party, who, to your knowledge, information or belief:

(a)     Was an eyewitness to the incident complained of in this action;

(b)     Has some knowledge of any fact or circumstance upon which your defense is based;

(c)     Has conducted any investigation relating to the incident complained of or the background, employment, medical history or activities of the plaintiff.

25.

If you intend to call any expert or technician as a witness at the trial of this action, state the subject matter on which he is expected to testify and state in detail the opinions held by each such

expert or technician and give a complete summary of the grounds for each opinion held.

26.

State the extent of any training provided to Defendant Holcomb by this Defendant or any outside agency since the date of Defendant Holcomb's application for employment or the date he began driving for this Defendant, whichever came first.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of The Zdrilich Law Group LLC, 3575 Koger Boulevard, Suite 125, Duluth, Georgia 30096, copies of any lease, contract, or other agreement regarding the tractor or trailer (including any container or chassis, if applicable) driven by Defendant Holcomb on the day of the incident referred to in the complaint. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

2.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of The Zdrilich Law Group LLC, 3575 Koger Boulevard, Suite 125, Duluth, Georgia 30096, copies of the bill of sale, title, and any other documents relating to the ownership of the tractor and trailer driven (including container or chassis, if applicable) by Defendant Holcomb on the date of the incident referred to in the complaint. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

3.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of The Zdrilich Law Group LLC, 3575 Koger Boulevard, Suite 125, Duluth, Georgia 30096, copies of any lease, employment contract, or any other documents regarding the

employment status of Defendant Holcomb. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

4.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of The Zdrilich Law Group LLC, 3575 Koger Boulevard, Suite 125, Duluth, Georgia 30096, a copy of the bill of loading for any loads carried by Defendant Holcomb for the eight-day period preceding the incident referred to in the complaint. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

5.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of The Zdrilich Law Group LLC, 3575 Koger Boulevard, Suite 125, Duluth, Georgia 30096, the policy of insurance identified in response to Interrogatory No. 5. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

6.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of The Zdrilich Law Group LLC, 3575 Koger Boulevard, Suite 125, Duluth, Georgia 30096, any trip reports or dispatch records in regard to Defendant Holcomb for the two-week period preceding the incident referred to in the complaint. In lieu of tl1is, you may attach copies thereof to your answers to these interrogatories.

7.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of The Zdrilich Law Group LLC, 3575 Koger Boulevard, Suite 125, Duluth, Georgia 30096, a copy of all driver's logs or time cards for Defendant Holcomb for the six-month period preceding the incident referred to in the complaint. In lieu of this, you may attach copies thereof to

your answers to these interrogatories.

8.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of The Zdrilich Law Group LLC, 3575 Koger Boulevard, Suite 125, Duluth, Georgia 30096, copies of all weight tickets, check stubs, fuel receipts, invoices, hotel bills and other records for any expenses incurred by Defendant Holcomb for the six-month period preceding the incident referred to in the complaint. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

9.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of The Zdrilich Law Group LLC, 3575 Koger Boulevard, Suite 125, Duluth, Georgia 30096, copies of all daily, monthly, and annual inspection reports, and any other inspection reports concerning the tractor and trailer (including any container or chassis, if applicable) driven by Defendant Holcomb on the day of the incident referred to in the complaint for the one year period preceding this incident and the six month period following this incident. In lieu of this, you may attach copies thereof to your answers to these interrogatories

10.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of The Zdrilich Law Group LLC, 3575 Koger Boulevard, Suite 125, Duluth, Georgia 30096, copies of all maintenance records, repair invoices and work orders concerning the tractor and trailer (including any container or chassis, if applicable) driven by Defendant Holcomb on the day of the incident referred to in the complaint for the one year period preceding this incident and the six-month period following this incident. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

11.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of The Zdrilich Law Group LLC, 3575 Koger Boulevard, Suite 125, Duluth, Georgia 30096, a copy of Defendant Holcomb's driver's qualification file, including but not limited to:

a)   Application for employment;

b)   Copy of his CDL license;

c)   Driver's certification of prior motor vehicle accidents;

d)   Driver's certification of prior violations of motor vehicle laws;

e)   Driver's prior employment history;

f)   Carrier's inquiry into his dliving record;

g)   Carrier's inquiry into his employment record;

h)   Documents regarding carrier's annual review of his driving record;

i)   Response of each state agency to carrier's annual inquiry concerning his driving record;

j)   Certification of driver's road test;

k)   Medical examiners certificate;

l)   Statement setting forth in detail any denial. revocation, or suspension of any license, permit or privilege to operate a motor vehicle;

m)  Training certificates and training documents;

n)   Drug testing records; and

o)   Any other documents.

In lieu of this, you may attach copies thereof to your answers to these interrogatories.

12.

Forty-five (45) days after service hereof; you are requested to produce for inspection and copying

by the Plaintiff at the offices of The Zdrilich Law Group LLC, 3575 Koger Boulevard, Suite 125, Duluth, Georgia 30096, copies of any printouts, records, correspondence, memoranda, or other documents concerning post-accident alcohol and controlled substance testing of Defendant Holcomb. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

13.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of The Zdrilich Law Group LLC, 3575 Koger Boulevard, Suite 125, Duluth, Georgia 30096, a copy of any post-accident report. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

14.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of The Zdrilich Law Group LLC, 3575 Koger Boulevard, Suite 125, Duluth, Georgia 30096, the accident register for Defendant for the one-year period preceding the subject accident. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

15.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of The Zdrilich Law Group LLC, 3575 Koger Boulevard, Suite 125, Duluth, Georgia 30096, copies of any driver manuals, guidelines, rules or regulations issued to drivers by Defendant or kept by Defendant. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

16.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of The Zdrilich Law Group LLC, 3575 Koger Boulevard, Suite 125, Duluth, Georgia 30096, copies of any reports, memoranda, notes, logs or other documents evidencing any

Page 11

complaints about Defendant Holcomb. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

17.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of The Zdrilich Law Group LLC, 3575 Koger Boulevard, Suite 125, Duluth, Georgia 30096, copies of all safety manuals, brochures, handouts, literature, or other written documents pertaining to safety provided to drivers by Defendant or kept by Defendant.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

18.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of The Zdrilich Law Group LLC, 3575 Koger Boulevard, Suite 125, Duluth, Georgia 30096, copies of any printouts, records or documents produced by any device identified in response to the preceding interrogatory  for the six-month period prior to the incident referred to in the complaint. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

19.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of The Zdrilich Law Group LLC, 3575 Koger Boulevard, Suite 125, Duluth, Georgia 30096, any document concerning any violation identified in response to the preceding interrogatory. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

20.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of The Zdrilich Law Group LLC, 3575 Koger Boulevard, Suite 125, Duluth, Georgia 30096, any document concerning any disqualification or out-of-service identified in response to the preceding interrogatory. In lieu of this, you may attach copies thereof to your answers to these

interrogatories.

21.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of The Zdrilich Law Group LLC, 3575 Koger Boulevard, Suite 125, Duluth, Georgia 30096, copies of any documents regarding any training received by Defendant Holcomb. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

22.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of The Zdrilich Law Group LLC, 3575 Koger Boulevard, Suite 125, Duluth, Georgia 30096, any permits or licenses regarding the tractor and trailer driven by Defendant Holcomb ruled the load transported by Defendant Holcomb at the time of the incident referred to in the complaint. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

23.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of The Zdrilich Law Group LLC, 3575 Koger Boulevard, Suite 125, Duluth, Georgia 30096, the payroll information concerning said driver for the six (6) months prior to and the two (2) months subsequent to said collision and his pay check for the time period covering the date of the collision. (Plaintiff's counsel is not requesting copies of pay checks unless otherwise specified but requests the individualized payroll record ledger sheet indicating the amount of pay, miles driven for the time periods specified, etc.). In lieu of this, you may attach copies thereof to your answers to these interrogatories.

24.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of The Zdrilich Law Group LLC, 3575 Koger Boulevard, Suite 125, Duluth,

Georgia 30096, all motor vehicle records or reports of any kind received from any private corporation or service, or any governmental entity relative to the driving history, driving record, and driving infractions of Defendant Holcomb since the commencement of said driver's employment with this Defendant up and through tl1e date of trial. In lien of this, you may attach copies thereof to your answers to tl1ese interrogatories.

25.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of The Zdrilich Law Group LLC, 3575 Koger Boulevard, Suite 125, Duluth, Georgia 30096, all documents and materials sent to or received from the Director of Regional Motor Carrier Safety of the Office of the Federal Highway Administration, the Georgia Regulatory Authority, or any other governmental agency relative to the subject collision which is made the basis of this lawsuit. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

26.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of The Zdrilich Law Group LLC, 3575 Koger Boulevard, Suite 125, Duluth, Georgia 30096, all certificates of authority, filings, registrations, license, permits, or other-related documents issued by or sent to any governmental entity in regard to this Defendant or this Defendant's operations. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

27.

To your knowledge, information or belief, has any person identified in answering the preceding interrogatory given any statement or report in connection with this action? If so, describe such statement or report and give the name and address of the person having custody and control thereof.

28.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying

by the Plaintiff at the offices of The Zdrilich Law Group LLC, 3575 Koger Boulevard, Suite 125, Duluth, Georgia 30096, all such statements or reports. In lieu thereof, you may attach copies to your answers to these interrogatories.

### 29.

To your knowledge, information or belief are there any videotapes, photographs, plats or drawings of the scene of the incident referred to in the Complaint, the vehicles or plaintiff? If so, please describe such videotapes, photographs, plats or drawings and give the name and address of the person having custody and control thereof.

### 30.

Forty-five *(45)* days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of The Zdrilich Law Group LLC, 3575 Koger Boulevard, Suite 125, Duluth, Georgia 30096, all such videotapes, photographs, plats or drawings. In lieu thereof, you may attach copies to your answers to these interrogatories.

### 31.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of The Zdrilich Law Group LLC, 3575 Koger Boulevard, Suite 125, Duluth, Georgia 30096, any videotape, photograph, report, data, memoranda, handwritten notes, or other document reviewed by or generated by an individual identified in response to the preceding interrogatory. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

### 32.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of The Zdrilich Law Group LLC, 3575 Koger Boulevard, Suite 125, Duluth, Georgia 30096, any documents obtained through a request for production of documents or subpoena. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

33.

In regard to any document which has not been produced on grounds of privilege, please state the following:

(a)     The date each document was generated;

(b)     The person generating each document;

(c)     The present custodian of each document;

(d)     A description of each document.

34.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of The Zdrilich Law Group LLC, 3575 Koger Boulevard, Suite 125, Duluth, Georgia 30096, any medical records, videotapes, photographs, or other evidence concerning, referencing, or depicting plaintiff. h1 lieu of this, you may attach copies thereof to your answers to these interrogatories.

35.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of The Zdrilich Law Group LLC, 3575 Koger Boulevard, Suite 125, Duluth, Georgia 30096, any PSP report or similar report from the FMCSA on the defendant driver showing his prior accidents and inspection history.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

Respectfully submitted this 28th day of December, 2018.

JOSEPH A. ZDRILICH
Attorney for Plaintiff
State Bar of Georgia No.: 569248

STATE COURT OF
DEKALB COUNTY, GA.
12/28/2018 9:46 AM
E-FILED
BY: Phyleta Knighton                    Page 16

THE ZDRILICH LAW GROUP, LLC
3575 Koger Blvd., Suite 125
Duluth, Georgia 30096
(770) 931-9604 (phone)
(770) 931-9610 (facsimile)
joseph@tzlawgroup.com (e-mail)

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| GAYOUNG GU, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION FILE NO.: |
| | § | |
| v. | § | 18A72556 |
| | § | |
| SCHENK & SONS, INC., | § | |
| PRIME HOLDINGS INSURANCE | § | |
| SERVICES, INC., and | § | |
| MICHAEL SHANE HOLCOMB, | § | |
| | § | |
| Defendants. | § | |

TO:        ALL JUDGES, CLERK OF THE COURT AND COUNSEL OF RECORD.

FROM:    JOSEPH A. ZDRILICH

RE:        NOTICE OF LEAVE OF ABSENCE

DATE:    Friday, December 28, 2018

COMES NOW Joseph A. Zdrilich and respectfully notifies all Judges before whom he has cases pending, all affected clerks of court, and all opposing counsel, that he will be on leave pursuant Uniform Superior Court Rule 16.

The periods of leave during which time Applicant will be away from the practice of law are as follows:

| | |
|---|---|
| December 21, 2018 through January 4, 2019 | Family Leave |
| February 4, 2019 through February 15, 2019 | Family Leave |
| April 1, 2019 through April 5, 2019 | Family Leave |
| April 25, 2019 through April 26, 2019 | CLE |
| May 23, 2019 through May 27, 2019 | CLE |

All affected Judges and opposing counsel shall have ten (10) days from the date of this Notice to object to it. If no objections are filed, the leave shall be granted.

_____
JOSEPH A. ZDRILICH
State Bar of Georgia No.: 569248
Attorney for Plaintiff

THE ZDRILICH LAW GROUP, LLC
3575 Koger Blvd., Suite 125
Duluth, Georgia 30096
(770) 931-9604 (Phone)/(770) 931-9610 (Facsimile)
joseph@tzlawgroup.com (E-mail)

# IN THE STATE COURT OF DEKALB COUNTY

## STATE OF GEORGIA

GAYOUNG GU,                              §
                                          §
    Plaintiff,                         §      **CIVIL ACTION FILE NO.:**
                                          §      **18A72556**
v.                                        §
                                          §
SCHENK & SONS, INC.,                      §
PRIME HOLDINGS INSURANCE                  §
SERVICES, INC., and                       §
MICHAEL SHANE HOLCOMB,                    §
                                          §
    Defendants.                        §

---

## MOTION TO APPOINT SPECIAL AGENT FOR SERVICE OF PROCESS

COMES NOW the Plaintiff, GAYOUNG GU, by and through her legal counsel, Joseph A. Zdrilich, and files this *Motion to Appoint Special Agent for Service of Process* pursuant to O.C.G.A. § 9-11-4. Plaintiff moves this Court for an Order authorizing Craig Brazeman, who is a citizen of the United States of America, who is over eighteen (18) years of age, and who is not a party to the above-styled action, to serve a copy of the related *Summons, Plaintiff's Complaint for Damages and Demand for Jury Trial, Plaintiff's First Interrogatories and Request for Production of Documents Propounded to All Defendants* and *Notice of Leave of Absence,* in this case upon SCHENK & SONS, INC., PRIME HOLDINGS INSURANCE SERVICES, INC., and MICHAEL SHANE HOLCOMB, the named Defendant(s), on the grounds that the Defendant(s) have not yet been served, and to ensure diligence in serving the aforementioned Defendant(s), that time is of the essence, and that the Plaintiff requests that this Court appoint Craig Brazeman as Special Agent for service of process.

This 28th day of December, 2018.

                                    JOSEPH A. ZDRILICH
                                    Attorney for Plaintiff
                                    State Bar of Georgia No.: 569248

THE ZDRILICH LAW GROUP, LLC
3575 Koger Blvd., Suite 125
Duluth, Georgia 30096
(770) 931-9604 (Phone)/(770) 931-9610 (Facsimile)
joseph@tzlawgroup.com (E-mail)

## IN THE STATE COURT OF DEKALB COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| GAYOUNG GU, | § | |
| | § | |
| Plaintiff, | § | **CIVIL ACTION FILE NO.:** |
| | § | **18A72556** |
| v. | § | |
| | § | |
| SCHENK & SONS, INC., | § | |
| PRIME HOLDINGS INSURANCE | § | |
| SERVICES, INC., and | § | |
| MICHAEL SHANE HOLCOMB, | § | |
| | § | |
| Defendants. | § | |

## AFFIDAVIT IN SUPPORT OF MOTION TO APPOINT
## SPECIAL AGENT FOR SERVICE OF PROCESS

Personally appeared, Craig Brazeman, who being duly sworn, says:

1.

I am a resident of the State of Georgia and a citizen of the United States of America.

2.

I am over the age of eighteen (18) years.

3.

I am in no way a party to the above-styled action, nor a relative of a Party.

4.

I am not the attorney of any of the parties.

5.

I have no financial interest in the related litigation.

6.

I am wholly disinterested in the pending litigation.

7.

I am competent under the Civil Practice Act of Georgia to serve as agent to perfect service.

8.

I am employed as a Private Detective, licensed in the State of Georgia, and a Process Server.

9.

I have never been convicted of a felony.

10.

I have completed the Georgia Certified Process Server Program, and successfully passed the Georgia Certification Examination, administered by the State of Georgia, Administrative Office of the Courts (April 18, 2013).

CRAIG BRAZEMAN
P.O. Box 422473
Atlanta, Georgia 30342
404.861.5013

Sworn to and Subscribed before me,
this 28th day of December, 2018.

NOTARY PUBLIC
My Commission Expires:

## IN THE STATE COURT OF DEKALB COUNTY

### STATE OF GEORGIA

| | | |
|---|---|---|
| **GAYOUNG GU,** | § | |
| | § | |
| **Plaintiff,** | § | **CIVIL ACTION FILE NO.:** |
| | § | **18A72556** |
| **v.** | § | |
| | § | |
| **SCHENK & SONS, INC.,** | § | |
| **PRIME HOLDINGS INSURANCE** | § | |
| **SERVICES, INC., and** | § | |
| **MICHAEL SHANE HOLCOMB,** | § | |
| | § | |
| **Defendants.** | § | |

### ORDER APPOINTING SPECIAL AGENT
### FOR SERVICE OF PROCESS

The Plaintiff having moved for an Order of this Court to appoint Craig Brazeman as Special Agent for service of process upon SCHENK & SONS, INC., PRIME HOLDINGS INSURANCE SERVICES, INC., and MICHAEL SHANE HOLCOMB, the named Defendant(s), in the above-styled action, and in order to serve the Defendants with diligence, it is hereby ORDERED that Craig Brazeman, who is a citizen of the Unites States of America, who is over eighteen (18) years of age, and who is not a party to the above-styled action, is hereby appointed as Special Agent to serve process of the related *Summons, Plaintiff's Complaint for Damages and Demand for Jury Trial, Plaintiff's First Interrogatories and Request for Production of Documents Propounded to All Defendants* and *Notice of Leave of Absence,* upon SCHENK & SONS, INC., PRIME HOLDINGS INSURANCE SERVICES, INC., and MICHAEL SHANE HOLCOMB, the named Defendant(s) in the above-styled action.

SO ORDERED this _____ day of December, 2018.

_____
Judge Johnny Panos
State Court of DeKalb County, Georgia

Cc:   Joseph A. Zdrilich, *Attorney for Plaintiff*
      Schenk & Sons, Inc., Prime Holdings Insurance Services, Inc., and Michael Shane Holcomb, *Named Defendant(s)*

# IN THE STATE COURT OF DEKALB COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| GAYOUNG GU, | § | |
| | § | |
| Plaintiff, | § | **CIVIL ACTION FILE NO.:** |
| | § | 18A72556 |
| v. | § | |
| | § | |
| SCHENK & SONS, INC., | § | |
| PRIME HOLDINGS INSURANCE | § | |
| SERVICES, INC., and | § | |
| MICHAEL SHANE HOLCOMB, | § | |
| | § | |
| Defendants. | § | |

## ORDER APPOINTING SPECIAL AGENT
## FOR SERVICE OF PROCESS

The Plaintiff having moved for an Order of this Court to appoint Craig Brazeman as Special Agent for service of process upon SCHENK & SONS, INC., PRIME HOLDINGS INSURANCE SERVICES, INC., and MICHAEL SHANE HOLCOMB, the named Defendant(s), in the above-styled action, and in order to serve the Defendants with diligence, it is hereby ORDERED that Craig Brazeman, who is a citizen of the Unites States of America, who is over eighteen (18) years of age, and who is not a party to the above-styled action, is hereby appointed as Special Agent to serve process of the related *Summons, Plaintiff's Complaint for Damages and Demand for Jury Trial, Plaintiff's First Interrogatories and Request for Production of Documents Propounded to All Defendants* and *Notice of Leave of Absence,* upon SCHENK & SONS, INC., PRIME HOLDINGS INSURANCE SERVICES, INC., and MICHAEL SHANE HOLCOMB, the named Defendant(s) in the above-styled action.

SO ORDERED this 8th day of ~~December, 2018.~~
January, 2019.

Judge Johnny Panos
State Court of DeKalb County, Georgia

Cc:  Joseph A. Zdrilich, *Attorney for Plaintiff*
Schenk & Sons, Inc., Prime Holdings Insurance Services, Inc., and Michael Shane Holcomb, *Named Defendant(s)*

## IN THE STATE COURT OF \DEKALB COUNTY
## STATE OF GEORGIA

GAYOUNG GU,               )
                           )
       Plaintiff,     )
                           )    CASE NO.:   <u>18A72556</u>
                           )
vs.                   )
                           )
SCHENK & SONS, INC.,     )
PRIME HOLDINGS INSURANCE   )
SERVICES, INC., and        )
MICHAEL SHANE HOLCOMB,    )
                           )
       Defendants.    )

## <u>AFFIDAVIT OF SERVICE</u>
### (Re: Schenk & Sons, Inc.)

Came and appeared before me, a Notary Public authorized to take oaths, Craig Brazeman, who, having been duly sworn stated and deposed to me as follows:

1.

That I have the intellectual capacity to make an oath and have knowledge of the facts that make this affidavit.

2.

That I am sui juris, over the age of twenty one (21), and have a residence in the State of Georgia.

3.

That I am employed as a Licensed Private Detective and a Certified Process Server (Georgia).

4.

That I am in no way a party to the above-styled action.

5.

That I am authorized by this Court's Order to serve process of related documents/pleadings.

Affiant:

6.

That I was hired to serve process of the following documents/pleadings related to the above-styled action:

a) Summons;

b) Complaint for Damages and Demand for Jury Trial; and

c) Plaintiff's First Interrogatories and Request for Production of Documents Propounded to All Defendants.

7.

That on January 8, 2019 at 1:00 p.m. (Central Standard Time), I served Schenk & Sons, Inc., an above-named Defendant, with the above-referenced documents/pleadings by placing said documents/pleadings in the hands of Benjamin Schenk, Schenk & Sons, Inc.'s Officer, Managing Agent, and Authorized Representative, while located at 75 Esaias Road, Grenada, Mississippi 38901, Schenk & Sons, Inc.'s designated Registered Office.

8.

Benjamin Schenk is the spouse of Chrystie Schenk, Schenk & Sons, Inc.'s designated Registered Agent.

This _9th_ day of January, 2019.

_____
Craig Brazeman

Sworn to and subscribed before me, this _9th_ day of January, 2019.

_____
NOTARY PUBLIC
My Commission Expires: _6/21/22_



# AFFIDAVIT OF SERVICE

| Case: 18 AS 2556 | Court: In The Superior Court of Dekalb County State of Georgia | County: | Job: 2943355 (FW: Service on Defendant in Chicago, Illinois - Matter #200197) |
|---|---|---|---|
| Plaintiff / Petitioner: GAYOUNG GU | | Defendant / Respondent: SCHENK & SONS INC., PRIME HOLDING ISNURANCE SERVICES INC., MICHARL SHANE HOLCOMB | |
| Received by: Nationwide Investigations | | For: MLQ Attorney Services | |
| To be served upon: Prime Holdings Insurance Services, Inc. c/o Registered Agent: Rick J. Lindsey | | | |

I, Kyle Clutter, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**   Barbara Malkowski, Company: 303 W. MADISON STREET, CHICAGO, IL 60606

**Manner of Service:**   Authorized, Jan 4, 2019, 12:27 pm CST

**Documents:**   Summons (Received Jan 2, 2019 at 3:15am CST), COMPLAINT (Received Jan 2, 2019 at 3:15am CST), FILED ROGS (Received Jan 2, 2019 at 3:15am CST), SERVICE OF PROCESS (Received Jan 2, 2019 at 3:15am CST)

**Additional Comments:**
1) Successful Attempt: Jan 4, 2019, 12:27 pm CST at Company: 303 W. NADISON STREET, CHICAGO, IL 60606 received by Barbara Malkowski. Relationship: Authorized Agent ;

_____   1-4-19
Kyle Clutter                          Date
115-002370

Nationwide Investigations
230 S Clark Suite 254
Chicago , IL 60604
312-361-3598

MLQ ATTORNEY SERVICES
2000 RIVEREDGE PARKWAY NW
SUITE 885
ATLANTA, GA  30328
1-800-446-8794

MLQ



649593